UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DONNA SEAMAN,

                      Plaintiff,          **COMPLAINT**

             - against -

MEMORIAL SLOAN-KETTERING CANCER
CENTER, MEMORIAL SLOAN-KETTERING
CANCER CENTER BASIC AND VOLUNTARY
RETIREMENT PLAN and FIRST UNUM LIFE
INSURANCE COMPANY,                          08 Civ. 3618 (JGK)

                      Defendants.
------------------------------------------------------------------x

       Plaintiff DONNA SEAMAN, by her attorneys, McCormick Dunne & Foley, as and for a complaint against the above-captioned defendants, alleges as follows:

## JURISDICTION AND VENUE

       1.    This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and specifically 29 U.S.C. § 1132(a)(1)(B).

       2.    Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f).

       3.    Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), because the subject breach took place in the Southern District of New York.

## THE PARTIES

       4.    At all times hereinafter mentioned, plaintiff DONNA SEAMAN ("SEAMAN") was and is a natural person.

5. Upon information and belief, at all times hereinafter mentioned, defendant MEMORIAL SLOAN-KETTERING CANCER CENTER ("MSKCC") was and is an ERISA-controlled plan affording long-term disability insurance to eligible employees of Memorial Sloan-Kettering Cancer Center (the "LTD Plan").

6. Upon information and belief, at all times hereinafter mentioned, MSKCC was and is also the "plan administrator" of the LTD Plan.

7. Upon information and belief, at all times hereinafter mentioned, MSKCC was and is also an ERISA-controlled plan affording health insurance to eligible employees of Memorial Sloan-Kettering Cancer Center (the "Health Plan").

8. Upon information and belief, at all times hereinafter mentioned, MSKCC was and is also the "plan administrator" of the Health Plan.

9. Upon information and belief, at all times hereinafter mentioned, defendant MEMORIAL SLOAN-KETTERING CANCER CENTER BASIC AND VOLUNTARY RETIREMENT PLAN was and is the name of an ERISA-controlled plan affording retirement savings benefits to eligible employees of Memorial Sloan-Kettering Cancer Center (the "403(b) Plan").

10. Upon information and belief, at all times hereinafter mentioned, MSKCC was and is the "plan administrator" of the 403(b) Plan.

11. Upon information and belief, at all times hereinafter mentioned, defendant FIRST UNUM LIFE INSURANCE COMPANY was and is the underwriter and claims administrator of the LTD Plan.

## BACKGROUND

12. On a date prior to February 2002, as a benefit of her employment at Memorial Sloan-Kettering Cancer Center, SEAMAN became enrolled in the LTD Plan, the Health Plan and the 403(b) Plan.

13. In or about February 2002, SEAMAN became "disabled," as defined by the LTD Plan, and thereafter she timely submitted to a claim for benefits under the LTD Plan.

14. SEAMAN's claim was approved, and she began receiving long-term disability benefits.

15. Additionally, by virtue of her qualifying for long-term disability benefits under the LTD Plan, SEAMAN continued to be covered under the Health Plan, and she continued to receive contributions through the 403(b) Plan.

16. By letter dated August 18, 2004, SEAMAN was advised that her claim for long-term disability benefits was being terminated effective August 8, 2004.

17. As a result of that determination, SEAMAN was deemed no longer entitled to coverage under the Health Plan, and no longer entitled to contributions from the 403(b) Plan.

18. SEAMAN timely appealed the subject termination decision, and by letter dated April 22, 2005, said appeal was denied.

19. SEAMAN has exhausted her administrative remedies.

## AS AND FOR A FIRST CAUSE OF ACTION

20. SEAMAN repeats and reiterates paragraphs "1" through "19," as if fully set forth at length herein.

21. The termination of SEAMAN's claim for long-term disability benefits was and remains erroneous and in violation of her rights under ERISA, entitling SEAMAN to be awarded the sum of all long-term disability benefits wrongfully withheld from her from the date of the termination up to and including the date of judgment herein, together with prejudgment interest at a rate to be established by the Court.

22. Additionally, SEAMAN is entitled to attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

## AS AND FOR A SECOND CAUSE OF ACTION

23. SEAMAN repeats and reiterates paragraphs "1" through "19," as if fully set forth at length herein.

24. On the basis of the decision to terminate SEAMAN's claim for long-term disability benefits, SEAMAN was deemed ineligible to continue to participate in the Health Plan.

25. Accordingly, to the extent that the decision to terminate SEAMAN's claim for long-term disability benefits is reversed, so must be reversed the decision that she is no longer entitled to coverage under the Health Plan.

26. Additionally, SEAMAN is entitled to attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

## AS AND FOR A THIRD CAUSE OF ACTION

27. SEAMAN repeats and reiterates paragraphs "1" through "19," as if fully set forth at length herein.

28. Additionally, on the basis of the decision to terminate SEAMAN's claim for long-term disability benefits, SEAMAN was deemed ineligible to continue to receive contributions under the 403(b) Plan.

29. Accordingly, to the extent that the decision to terminate SEAMAN's claim for long-term disability benefits is reversed, so must be reversed the decision that she is no longer entitled to contributions from the 403(b) Plan.

30. Additionally, SEAMAN is entitled to attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

**WHEREFORE** SEAMAN demands judgment:

(i) awarding her the sum of all long-term disability benefits wrongfully withheld from her under the LTD Plan, from the date that benefits were terminated up to and including the date of judgment herein, together with prejudgment interest at a rate to be established by the Court;

(ii) awarding her the value of the health insurance coverage which she was wrongfully denied under the Health Plan from the date that coverage was terminated up to and including the date of judgment herein, together with prejudgment interest at a rate to be established by the Court;

(iii) awarding her the sum of all 403(b) contributions wrongfully denied her under the 403(b) Plan, from the date that contributions were terminated up to and including the date of judgment herein, together with prejudgment interest at a rate to be established by the Court;

(iv) awarding her attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1); and

(v) for such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
April 15, 2008

                            Yours, etc.,

                            MCCORMICK DUNNE & FOLEY

                            By:     s/
                                  Christopher P. Foley (CF 6079)

                            Attorneys for Plaintiff
                            Office and P.O. Address
                            61 Broadway, Suite 1030
                            New York, New York  10006
                            (212) 363-1300