UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
DONNA SEAMAN,

          Plaintiff,

   -against-

MEMORIAL SLOAN-KETTERING CANCER
CENTER, MEMORIAL SLOAN-KETTERING
CANCER CENTER BASIC AND VOLUNTARY
RETIREMENT PLAN, and FIRST UNUM LIFE
INSURANCE COMPANY,

          Defendants.
------------------------------------------------------- X

INDEX NO.: 08 CV 3618

**DEFENDANTS' ANSWER**

Memorial Sloan-Kettering Cancer Center ("MSKCC") and Memorial Sloan-Kettering Cancer Center Basic and Voluntary Retirement Plan (the "Plan") (collectively referred to herein as "Defendants"), by and through their attorneys, McDermott Will & Emery LLP, answer the Complaint (the "Complaint") of plaintiff Donna Seamen ("Plaintiff"), as follows:

## JURISDICTION AND VENUE

1.    Aver that the allegations contained in Paragraph 1 of the Complaint state a legal conclusion to which no response is required.

2.    Aver that the allegations contained in Paragraph 2 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent Paragraph 2 contains factual allegations, Defendants admits that Plaintiff alleges that jurisdiction is proper pursuant to 28 U.S.C. § 1332(e)(1) and (f).

3.    Aver that the allegations contained in Paragraph 3 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent

Paragraph 3 contains factual allegations, Defendants admits that Plaintiff alleges that venue is proper pursuant to 29 U.S.C. § 1332(e)(2).

## THE PARTIES

4. Admit each and every allegation contained in Paragraph 4 of the Complaint.

5. Deny each and every allegation contained in Paragraph 5 of the Complaint, and aver that MSKCC is a plan sponsor (not an ERISA Plan) that provides long-term disability insurance through a third-party carrier.

6. Admit each and every allegation contained in Paragraph 6 of the Complaint.

7. Deny each and every allegation contained in Paragraph 7 of the Complaint, and aver that MSKCC is a plan sponsor (not an ERISA Plan) that provides group health insurance to eligible employees.

8. Admit that MSKCC is the plan administrator of the MSKCC Health Plan.

9. Admit each and every allegation contained in Paragraph 9 of the Complaint.

10. Admit each and every allegation contained in Paragraph 10 of the Complaint.

11. Admit each and every allegation contained in Paragraph 11 of the Complaint.

## BACKGROUND

12. Admit each and every allegation contained in Paragraph 12 of the Complaint.

13. Aver that the allegations contained in Paragraph 13 of the Complaint set forth a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent Paragraph 13 contains factual allegations, Defendants admit that Plaintiff filed a claim for LTD

benefits and initially was deemed by UNUM to be "disabled" as defined by the long-term disability plan.

    14.    Admit each and every allegation contained in Paragraph 14 of the Complaint.

    15.    Admit each and every allegation contained in Paragraph 15 of the Complaint.

    16.    Admit each and every allegation contained in Paragraph 16 of the Complaint.

    17.    Admit each and every allegation contained in Paragraph 17 of the complaint.

    18.    Aver that the allegations contained in Paragraph 18 of the Complaint set forth a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent Paragraph 18 contains factual allegations, Defendants admit that Plaintiff appealed the termination decision and that the appeal was denied.

    19.    Aver that the allegations contained in Paragraph 19 of the Complaint set forth a legal conclusion to which no response is required.

## AS AND FOR THE FIRST CAUSE OF ACTION

    20.    Incorporate the responses made to Paragraphs 1-19 of the Complaint as if fully set forth herein.

    21.    Aver that the allegations contained in Paragraph 19 of the Complaint set forth a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent Paragraph 21 contains factual allegations, Defendants deny each and every allegation contained in Paragraph 21 of the Complaint.

    22.    Aver that the allegations contained in Paragraph 22 of the Complaint set forth a legal conclusion to which no response is required. Notwithstanding the foregoing, Defendants deny that Plaintiff is entitled to the relief sought.

## AS AND FOR THE SECOND CAUSE OF ACTION

23. Incorporate the responses made to Paragraphs 1-22 of the Complaint as if fully set forth herein.

24. Admit each and every allegation contained in Paragraph 24 of the Complaint.

25. Admit each and every allegation contained in Paragraph 25 of the Complaint.

26. Aver that the allegations contained in Paragraph 26 of the Complaint set forth a legal conclusion to which no response is required. Notwithstanding the foregoing, Defendants deny that Plaintiff is entitled to the relief sought.

## AS AND FOR THE THIRD CAUSE OF ACTION

27. Incorporate the responses made to Paragraphs 1-26 of the Complaint as if fully set forth herein.

28. Admit each and every allegation contained in Paragraph 28 of the Complaint.

29. Admit each and every allegation contained in Paragraph 29 of the Complaint.

30. Aver that the allegations contained in Paragraph 30 of the Complaint set forth a legal conclusion to which no response is required. Notwithstanding the foregoing, Defendants deny that Plaintiff is entitled to the relief sought.

## PRAYER FOR RELIEF

31. Deny that Plaintiff is entitled to the relief requested in the Wherefore clause of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

1. Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.     Plaintiff's alleged damages are barred to the extent they exceed the relief available under ERISA.

WHEREFORE, Defendant Memorial Sloan-Kettering Cancer Center and Memorial Sloan-Kettering Cancer Center Basic and Voluntary Retirement Plan seek judgment against Plaintiff Donna Seaman:

(a)     Dismissing the entire Complaint with prejudice;

(b)     Awarding Defendants their costs and disbursements associated with this action, including reasonable attorneys' fees; and

(c)     Awarding Defendants such other and further relief as this Court deems just and proper.

Dated: New York, New York
       July 16, 2008

> Respectfully submitted,
>
> McDERMOTT WILL & EMERY LLP
>
> By: _/s/ Terri L. Chase_
>     Terri L. Chase (TC 9091)
>     340 Madison Avenue
>     New York, New York 10173
>     (212) 547-5400
>
> *Attorney for Defendants*
> *Memorial Sloan-Kettering Cancer Center and*
> *Memorial Sloan-Kettering Cancer Center Basic and*
> *Voluntary Retirement Plan*

NYK 1168861-2.034164.0123